In the Matter of the Accounting of Morgan P. Doyle et al., as Trustees under the Will of Patrick Doyle, Deceased.

Surrogate's Court, Kings County, January 22, 1948.

*Sidney Markowitz* for trustees, petitioners.

*James H. Callahan,* special guardian for Theresa Doyle and another, infants.

McGAREY, S. The trustees' last accounting in this estate was settled by a decree dated July 2, 1943. One of the three remaining legatees having attained his majority the trustees are again accounting and the other two infant legatees, by their special guardian, squarely raise the issue of neglect by the trustees in retaining the legacies in a special interest account in a trust company instead of a savings bank account which would have produced a greater income return.

The fund was deposited in a special interest account, the interest paid thereon being approximately one half of that which could have been obtained in a savings bank or a greater return by investment in some other authorized investment. The retention of the fund in that form of investment is sought to be justified by the trustees on the ground that it is a statutory authorized investment, and hence this court is without power to surcharge for failure to obtain a greater rate of income, and further the court should give considerable weight to the fact that one of the trustees, who is a member of the firm of attorneys representing the trustees, was inducted into the armed services, as was also his brother, the other member of the firm, a fact which prevented them from effectuating a change in the investment, so they claim.

The attorney-trustee was inducted into the army in November, 1942, and the attorney for the estate was likewise inducted on July 21, 1943, and reported for training on August 10, 1943. The other trustee is the father of one of the infant legatees. It would appear that the lay trustee relied wholly upon the attorney-trustee and the estate's attorney in the administration of the trust estate, he only affixing his signature to such papers as were presented to him for signature.

While the attorney-trustee was in the Army, the last accounting was initiated by the filing of an account and petition for its judicial settlement on December 14, 1942. The estate's attorney claims that immediately upon the entry of the final decree — it was signed on July 2, 1943 — he sent a withdrawal slip for signature by his brother, and that it was not returned until August 7, 1943, and that he then sent a telegram to the other trustee to come to his office, all this with the intent to transfer the funds into either a savings bank or invest in savings bonds. But the other trustee never received the telegram. Section

103-a of the Surrogate's Court Act, suspending the powers of fiduciaries in war service, was effective as of April 8, 1942 (L. 1942, ch. 377), several months before the attorney-trustee was inducted into the service, yet no application was made for the suspension of his powers. It is the opinion of this court that if the attorney-trustee and his brother had the interests of the legatees-beneficiaries in mind either one of them would have made an application under the aforesaid section to suspend the powers of the attorney-trustee.

The contention that inasmuch as the deposit is a legal investment, the court cannot surcharge the trustees for the difference between what was realized as interest and what could have been realized by a deposit in a savings bank is without merit. Had the trustees invested these funds in securities which were not legal and the rate of return thereon was less than that which could have been realized in the usual trust estate, the court would have the unqualified power to surcharge the trustees with the difference. The statutory authority to invest trust funds was never intended to act as a cloak exculpating trustees from the performance of their duties as prudent men. The security of principal in this estate would have been equally safeguarded in a savings bank, as they too carry insurance with the Federal Deposit Insurance Corporation.

The funds in question were transferred from a savings bank to a commercial bank on October 5, 1933, and ever since have been so retained. The examination of the trustees under section 263 of the Surrogate's Court Act discloses that there never was any meeting of the trustees after the said deposit at which the desirability of the retention of such investment, as compared with other investments, was considered. There is no claim of any exercise of judgment.

In *Delafield* v. *Barret* (270 N. Y. 43) it was stated that the primary duty of a guardian is to protect his ward's estate and to so manage it as to produce as large an income as is consistent with safety of income and that there is imposed upon such guardian the duty to act in good faith, exercise care and reasonable business judgment. Scott on Trusts (Vol. 2, § 227.12) states that a trustee has not performed his duty merely because he has made an investment in a type of security which is authorized; he must in addintion use care, skill and caution in selecting the particular investment.

It is not within the province of the court to dictate to a fiduciary the type of authorized investment to be selected for the corpus of a trust fund. However, when a fiduciary, over a long

period of time, retains as an investment a bank deposit, without ascertaining or considering the advisability of other forms of investment productive of greater return of income and an equal degree of safety of principal, then such trustee by his nonaction and passive course of conduct is negligent and is not the prudent man whose attributes are set forth in *King* v. *Talbot* (40 N. Y. 76). The court, therefore, holds that the trustees herein were negligent in that they failed to exercise judgment and the degree of care which was incumbent upon them. Accordingly they are surcharged, from the date of the last accounting decree, insofar as the two infants' shares are concerned, with the difference between that which was earned and what would have been earned had the trust funds been deposited in a savings bank at 1½% interest, compounded semiannually (*Matter of Rathbone,* 78 N. Y. S. 2d 457). Their attention is directed to the fact that some savings banks now pay 2% and that Government bonds are available for investment purposes.

The compensation of the attorneys, for legal services rendered to the trustees to and including the entry of decree and distribution as may be directed thereunder, is fixed in the sum of $75. They will also be allowed their disbursements in the sum of $15.90.

Submit decree, on notice, accordingly.